# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br><br>**Alyshia Wright** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:09CR03078-003JB**<br>USM Number: **54205-051**<br>Defense Attorney: **Kirtan Khalsa, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **S1 and S10 of Indictment**
☐ pleaded nolo contendere to count(s)   which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 846 | Conspiracy to Violate 21 U.S.C. Sec. 841(b)(1)(C) | 07/16/2009 | S1 |
| 21 U.S.C. Sec. 843(b) | Use of a Telephone to Facilitate a Drug Trafficking Offense | 06/25/2009 | S10 |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **S11** is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**July 28, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**October 25, 2011**
Date Signed

Defendant: **Alyshia Wright**
Case Number: **1:09CR03078-003JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **14 months and 26 days or time served, whichever is less** .

**Said term is imposed as to each Counts S1 and S10 and shall run concurrently for a total term of 14 months and 26 days.**

**The Court incorporates by reference its Sealed Memorandum Opinion and Order, filed October 20, 2011 (Doc. 407)("MOO"). Defendant Alyshia Wright, pursuant to a Plea Agreement, filed April 25, 2011 (Doc. 270), pled guilty to Count 1 and Count 10 of the Superseding Indictment, filed April 27, 2010 (Doc. 62), charging her with a violation of 21 U.S.C. § 846, that being conspiracy to distribute methamphetamine, and 21 U.S.C. § 843(b), that being use of a telephone to facilitate a drug trafficking offense. The parties agreed to a 2-level reduction pursuant to U.S.S.G. § 3B1.2 based on Wright being a minor participant. See Plea Agreement ¶ 10, at 4. The parties also agreed to a 3-level reduction in the base offense level pursuant to U.S.S.G. § 3E1.1 for Wright`s acceptance of responsibility. See Plea Agreement ¶ 10, at 5. Wright and the Plaintiff United States of America did not agree to a specific sentence, and both reserved their rights to assert any position or argument with respect to the imposition of a sentence. See Plea Agreement ¶ 10, at 6.**

**The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Wright on June 16, 2011. With respect to a 2-level reduction under U.S.S.G. § 3B1.2(b) based on Wright`s role as a minor participant, the USPO stated that "there is insufficient evidence to determine whether the defendant was working under the direction of another or directing others." PSR ¶ 248, at 39. Nevertheless, the PSR applied a 2-level reduction pursuant to U.S.S.G. § 3B1.2(b), because the parties stipulated in the Plea Agreement that Wright was a minor participant. See PSR ¶ 248, at 39. The PSR calculated Wright`s adjusted offense level as 16 and her total offense level after a 3-level reduction for acceptance of responsibility as 13. The PSR calculated Wright`s criminal history category as IV. The PSR calculated that an offense level of 13 and a criminal history category IV results in a guideline imprisonment range of 24 to 30 months. See PSR ¶ 316, at 57. There being no disputes about the PSR`s factual findings, the Court adopts those findings as its own.**

**In its MOO, the Court rejected the parties` stipulation that Wright was a minor participant under U.S.S.G. § 3B1.2(b). See MOO at 3-5. Wright moves the Court for a sentence of 15 months or time served. At the sentencing hearing on July 28, 2011, the United States represented that it did not oppose Wright`s request that the Court vary to a 15-month sentence or a sentence of time served. Other than on the issue of Wright being a minor role participant under U.S.S.G. § 3B1.2(b), the Court adopts the sentencing calculations in the PSR as its own. A criminal offense level of 15 and a criminal history category of IV establishes a guideline imprisonment range of 30 to 37 months.**

**The Court notes that Wright conspired to distribute 14.7 grams of methamphetamine and used a telephone to facilitate a drug trafficking offense. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Wright`s offenses. The Court agrees with the parties that a sentence of time served is sufficient to reflect the seriousness of these offenses. The Court has considered the kinds of sentences and ranges that the guidelines establish. Wright has been physically and sexually abused throughout her life. In 2007, she had been clean from drugs for more than six years, and she was a sponsor for other addicts. She then met a man who physically abused her. He would lock her in closets for days at a time, and, on one occasion, he broke her jaw. As this abuse became worse, Wright began abusing cocaine and methamphetamine. Her involvement in the case before the Court was necessitated by her need to earn money to support her methamphetamine addiction. For the most part, she is a user that trafficked in drugs to support her drug habit. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of time served is appropriate to reflect Wright`s criminal history and the seriousness of Wright`s crimes. In the 18 U.S.C. § 3553(a) calculation, the factor of rehabilitation should dominate over other factors, such as punishment. A sentence of time served is adequate to protect the public. Because of the conditions the Court will impose as part of supervised release, a sentence of time served will more immediately provide Wright with the education, training, and care she needs to overcome her drug problems. This sentence adequately reflects the seriousness of her offenses, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v.**

**Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient, but not greater than necessary, to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98?473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Wright to a sentence of time served.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at  on
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Alyshia Wright**
Case Number: **1:09CR03078-003JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**.

**A term of 3 years is imposed as to Count S1; a term of 1 year is imposed as to Count S10; said terms shall run concurrently for a total term of 3 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Alyshia Wright**
Case Number: **1:09CR03078-003JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must submit to a search of her person, property, or automobile under her control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting any illegal drugs, weapons, or any other illegal contraband at the direction of the probation officer. She must inform any residents that the premises may be subject to a search.**

**As to Standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.**

**As to Standard condition No. 13, it shall not apply to employers: as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements.**

**The Defendant must participate in and successfully complete a substance abuse treatment program, which may include drug testing and outpatient counseling. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The Defendant must refrain from the use and possession of alcohol and other forms of intoxicants. She must not frequent places where alcohol is the primary item for sale.**

**The Defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling, as approved by the probation officer, or prescribed medication . The Defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Officer.**

**The Defendant shall have no contact with the co-Defendants except Jeremiah Wright.**

Defendant: **Alyshia Wright**
Case Number: **1:09CR03078-003JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐      The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | **$200.00** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒   In full immediately; or
B   ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.